The Honorable David R. Cook State Representative Post Office Box 131 Williford, AR 72482-0131
Dear Representative Cook:
I am writing in response to your request for my opinion concerning the definition of the term "contribution" under the Arkansas Ethics Commission's Rules on Political Committees
(hereinafter "Rules"). You note that the definition under the Rules includes the following language:
 `Contribution' shall include any filing fees or membership dues paid to a county political party committee.
Arkansas Ethics Commission Rules on Political Committees § 500(b) (effective 8/29/05).[1]
You also note that this language is not found in the relevant statute, A.C.A. § 7-6-201(4). You ask in this regard:
 Does the Arkansas Ethics Commission [Commission] possess authority to expand upon the statutory definition of `contribution' through the rulemaking process? If the answer to this question is `no,' does the above language promulgated by the commission have any legal effect and are county political party committees required to comply with the provision?
RESPONSE
In my opinion, the rule defining "contribution" is within the Commission's power to promulgate. A response to your second question is therefore unnecessary.
The relevant statute, A.C.A. § 7-6-201(4) (Supp. 2005), defines the term "contribution" under the campaign financing laws as follows:
 (A) "Contribution" means, whether direct or indirect, advances, deposits, or transfers of funds, contracts, or obligations, whether or not legally enforceable, payments, gifts, subscriptions, assessments, payment for services, dues, advancements, forbearance, loans, or pledges or promises of money or anything of value, whether or not legally enforceable, to a candidate, committee, or holder of elective office made for the purpose of influencing the nomination or election of any candidate.
 (B) "Contribution" includes the purchase of tickets for events such as dinners, luncheons, rallies, and similar fundraising events; the granting of discounts or rebates by television and radio stations and newspapers not extended on an equal basis to all candidates for the same office; and any payments for the services of any person serving as an agent of a candidate or committee by a person other than the candidate or committee or persons whose expenditures the candidates or committee must report under this subchapter. The term "contribution" further includes any transfer of anything of value received by a committee from another committee.
 (C) "Contribution" shall not include noncompensated, nonreimbursed, volunteer personal services or travel[.]
As you have noted, the Commission rule mirrors most of this definition; but it adds certain language to subparagraph (A) of the codified definition as follows:
 As used in these rules, the term `contribution' means, whether direct or indirect, advances, deposits, or transfers of funds, contracts, or obligations, whether or not legally enforceable, payments, gifts, subscriptions, assessments, payment for services, dues, advancements, forbearance, loans, pledge or promise of money or anything of value, whether or not legally enforceable, to a candidate, committee, or holder of elective office, made for the purpose of influencing the nomination or election of any candidate or in support of or opposition to a ballot or legislative question. `Contribution' shall include any filing fees or membership dues paid to a county political party committee.
Rules on Political Committees at § 500(b) (emphasis added).
Your question pertains specifically to the above-emphasized last sentence of the rule, the concern being that the Commission has acted outside its rulemaking authority in adding this language to the statutory definition of "contribution."
The Commission promulgated the rule pursuant to A.C.A. §7-6-217(g) (Supp. 2005), which confers authority on the Commission to "promulgate reasonable rules and regulations to implement and administer the requirements of [Title 7, Chapter 6, Subchapter 2, the campaign financing laws][.]" In my opinion, the rule clearly satisfies this reasonableness requirement when considering the legislation relating to "county political party committees." The legislature in the 85th General Assembly required that a "county political party committee" must meet certain specific registration and reporting requirements under the Arkansas campaign financing laws. See Acts 2005, No. 2006, sec. 3 (codified at A.C.A. § 7-6-226). The 2005 legislation defined a "county political party committee" as follows:
 `County political party committee' means a person[2] that:
 (A) Is organized at the county level for the purpose of supporting its affiliate party and making contributions;
 (B) Is recognized by an organized political party, as defined in § 7-1-101, as being affiliated with that political party;
 (C) Receives contributions from one (1) or more persons in order to make contributions to candidates, ballot question committees, legislative question committees, political parties, political action committees, or other county political party committees;
 (D) Does not accept any contribution or cumulative contributions in excess of five thousand dollars ($5,000) from any person in any calendar year; and
 (E) Registers pursuant to § 7-6-226 prior to making contributions;
A.C.A. § 7-6-201(6) (Supp. 2005).
The new registration and reporting requirements for such a committee include the following:
 To qualify as a county political party committee, the committee shall register with the Secretary of State within fifteen (15) days after accepting contributions during a calendar year that exceed five thousand dollars ($5,000) in the aggregate.
A.C.A. § 7-6-226(a)(1)(A) (Supp. 2005).
Subsection (c)(1) of the same statute provides:
 Within fifteen (15) calendar days after the end of each calendar quarter, county political party committees shall file a quarterly report with the Secretary of State, including the following information:
 (A) The total amount of contributions received and the total amount of contributions made during the filing period and the cumulative amount of those totals;
(B) The current balance of committee funds;
 (C) The name and address of each person that made a contribution or contributions to the committee that exceeded five hundred dollars ($500) in the aggregate, the contributor's place of business, employer, or occupation, the date of the contribution, the amount contributed, and the total contributed for the year;
 (D) The name and address of each candidate or committee, if any, to whom or which the committee made a contribution or contributions that exceeded fifty dollars ($50.00) in the aggregate during the filing period, with the amount contributed and the election for which the contribution was made[.]
As you can see, the registration requirement is triggered when a county political party committee receives contributions for the year in excess of $5,000 (A.C.A. § 7-6-201(6), supra). Regarding the report of contributions, the committee must report: 1) totals received and made by the committee (A.C.A. §7-6-226(c)(1)(A), supra); 2) aggregate individual contributions to the committee exceeding $500.00 (id. at (C)); and 3) aggregate committee contributions to a candidate or other committee exceeding $50.00 (id. at (D)). Under the Commission rule, therefore, filing fees and membership dues will count toward the $5,000.00 trigger for committee registration. They will also be included in the reporting requirements. Thus, if someone pays filing fees or membership dues to a county political party committee in an aggregate amount exceeding $500.00 for the calendar quarter, the committee must include the requisite information in its quarterly report.[3]
The Commission is charged with administering these new requirements relating to county political party committees. It has done so through rulemaking, and in a manner that does not appear to transgress the statutory definition of "contribution," which includes "payments" and "dues." A.C.A. § 7-6-201(4)(A),supra. An administrative agency of course does not have the power to legislate. But it may determine the particular facts and circumstances upon which the operation of a statute is conditioned. See generally McArther v. Smallwood, 225 Ark. 328,281 S.W.2d 428 (1955). In my opinion, the Commission was lawfully exercising this power in adopting the rule about which you have inquired.
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:EAW/cyh
[1] Please note that this language is currently the subject of a "Notice of Rule Making and Public Hearing." Seehttp://www.arkansasethics.com/rules/proposed/notice.doc.
[2] The definition of "person" was amended to include "county political party committees." A.C.A. § 7-6-201(14) (Supp. 2005).
[3] Because filing fees and membership dues are paid to,
rather than by a county party committee, I do not consider them included within A.C.A. § 7-6-226(c)(1)(D), supra, regarding contributions made by a county party committee to a candidate or other committee exceeding $50.00 in the aggregate.